## BARING & WILLING *vs.* MOORE and others.

Where B. sold to M. lots 12 and 13, in the Binghampton patent, who gave B. a mortgage thereon to secure the payment of the purchase money ; and M. afterwards sold lot No. 12 to W., for a sum a little less than the amount due B., to secure the payment of which, W. gave M. a mortgage on lot 12, conditioned to pay the purchase money for that lot to B., to be applied on B.'s bond and mortgage ; and previous to the sale to W., K. recovered a judgment against M. ; and after the sale, N. recovered a judgment against him, and subsequently to the recovery of N.'s judgment, R. & H. and several others recovered judgments against M. ; and R. & H. then obtained an assignment of the bond and mortgage given by W. to M. ; *It was held,* that as between N. and R. & H., N. had an equitable right to have the bond and mortgage of W. applied in part payment of the mortgage of B. ; and that it was not competent for M. to make an agreement with R. & H. to apply the bond and mortgage of W. in a different manner, so as to destroy or impair the prior lien of N. on lot No. 13 ; *It was further held,* that the equitable right of N. to have the mortgage of W. applied in payment of the mortgage of B. could only be destroyed by some new agreement between W. and M. as to its application or disposition, before the equitable right of N. accrued.

July 16. THE bill in this case was filed to procure a foreclosure or satisfaction of a mortgage given to the complainants by A. A. Moore, upon lots No. 12 and 13, in the Binghampton patent, to secure the purchase money on those lots. After the giving of the mortgage, Moore sold lot No. 12 to the defendant, Whitney, for a sum which was something less than the amount due to the complainants on their mortgage on both lots. To secure the purchase money agreed to be paid by Whitney for lot No. 12, he gave to Moore a bond and a mortgage on that lot, conditioned to pay such purchase money to the complainants, to be applied on their bond and mortgage ; Moore paying the balance of the last mentioned bond and mortgage, which should then be due. Previous to the sale to Whitney, B. Knower had obtained a judgment, against Moore, which was a lien upon both lots. And after the sale, B. Whipple recovered a judgment against Moore, which was a lien upon lot No. 13 only. Subsequently, R. & H. Mather, and several others, obtained judgments against him, which were also liens on the last mentioned lot. Previous to

the recovery of any of these judgments, except that of Knower, Whitney had made certain advances, to the amount of two or three hundred dollars to Moore, which the latter agreed should be applied towards his mortgage for the purchase money of No. 12. Neither Moore nor Whitney having paid the complainants their mortgage, a decree for sale was made, in the usual form, directing the payment of the amount due to the complainants for principal, interest and costs, and to bring the residue into court. A petition was thereupon presented, by Knower and Whipple, two of the defendants, stating their claims as judgment creditors, and that Whitney had not paid his bond and mortgage ; and asking for directions to the master to sell the property in such manner as to protect their rights, &c.

*S. Cheever*, for the petitioners.

*J. A. Collier*, for the defendants Whitney and R. & H. Mather.

THE CHANCELLOR. As the payment of the judgment due to Knower was provided for in the order which was made upon the argument of this motion, it is only necessary to refer to his rights so far as to say I am satisfied that the assignment to him of Whitney's bond and mortgage, although absolute, was only intended as a security for the payment of that judgment ; by having the amount of the Whitney debt applied towards the satisfaction of the mortgage to the complainants, so as to give Knower the benefit of the lien of his judgment on lot No. 13, discharged of the complainants' mortgage to that extent. And that order having also provided for the payment by Whitney of the whole of his mortgage, except so much as had been arranged between him and Moore before the recovery of any of the judgments subsequent to that of Knower, the only question now to be disposed of is, as to the disposition of the surplus proceeds of the sale of lot number 13. The Mathers, or rather Whitney through them, he having paid their debt, claims the amount of such surplus as the substitute for Whitney's bond and mortgage, which was assigned

1833.

Baring
v.
Moore.

to the Mathers in July, 1832. And the defendant Whipple as the holder of the oldest judgment, which is a lien on the last mentioned lot, claims that he had a right to have Whitney's debt applied to the complainants' mortgage, in exoneration of lot No. 13, on which he had such lien. As this was a contest among creditors to obtain satisfaction of pre-existing demands, and with full knowledge of all the facts on which their several equitable rights depended, none of them are to be considered in the light of bona fide purchasers without notice. It is, therefore, a question of priority of equities.

By the terms of the mortgage from Whitney to Moore, the purchase money of lot No. 12 was to be paid directly to the complainants, in part satisfaction of their mortgage. This was a specific appropriation of the fund for that object; and a subsequent purchaser or encumbrancer of lot No. 13, would have an equitable right to insist that it should be thus applied, unless some new agreement was made between Whitney and Moore, or there had been some new disposition made of the funds, before that equitable right accrued. Such a new disposition was made of so much of the fund as was necessary to meet the advances made by Whitney; which have already been provided for in the former order. As to the residue of Whitney's mortgage, the specific appropriation thereof remained in full force at the time Whipple's equity arose by the docketing of the judgment which gave him a lien upon No. 13. Having then acquired an equitable right to have the Whitney debt applied in part payment of the complainants' mortgage, which was a prior lien on the same lot, it was not competent for Moore to make an agreement with a junior judgment creditor to apply the fund in a different manner, and so as to destroy or impair that right. The residue of the fund must therefore be applied in satisfaction of the judgments docketed prior to the 24th of July, 1832, according to priority; the petitioners taxed costs, on this application, being first paid out of such surplus. If there is a dispute as to the time of docketing any of the judgments, so as to render such a proceeding necessary, there must be a reference to a master to ascertain the facts.