LEERBURGER v. HENNESSEY REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT—EXCAVATION.
   New York City Building Code, § 22, providing that, whenever an excavation for building or other purposes shall be carried to a depth of more than 10 feet below the curb, the persons causing such excavation to be made shall, at their own expense, preserve any adjoining or con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiguous wall or walls, structure or structures, from injury, and support them by proper foundations, so that they shall remain practically as safe as before the excavation was commenced, applies only where the excavation is contiguous to walls and buildings; and where there is no adjoining wall or building, the owner of the adjoining land is entitled to lateral support, regardless of the depth to which the excavation is carried, by the common law and the provision of section 22 that, when an excavation is made on any lot, the person or persons causing it shall build at their own expense a retaining wall to support the adjoining earth, which shall be carried to the height of the adjoining earth, and the thickness of which shall not be less than one-quarter of its height.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–44; Dec. Dig. § 4.*]

2. ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT—EXCAVATION.

Under New York City Building Code, § 22, providing that, when an excavation is made on any lot, the persons causing it shall build a retaining wall to support the adjoining earth, which shall be carried to the height of the adjoining earth, and the thickness of which at its base shall not be less than one-quarter of its height, a sheet iron fence an eighth of an inch thick, supported by angle irons, which cannot in its nature be permanent, and the permit from the building department for the erection of which has been revoked, is not a sufficient support for the adjoining earth.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–44; Dec. Dig. § 4.*]

3. LIS PENDENS (§ 24*)—PURCHASERS PENDING SUIT.

A mandatory injunction to compel a person making an excavation to erect a retaining wall to support the adjoining earth will not be denied because defendant pending the action has sold his property, where a lis pendens was filed prior to such sale, in view of Code Civ. Proc. § 1671, providing that a person whose conveyance or incumbrance is subsequently executed or recorded is bound by all proceedings taken in the action after the filing of the lis pendens to the same extent as if he was a party.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. §§ 38–46; Dec. Dig. § 24.*]

Scott and Miller, JJ., dissenting.

Appeal from Special Term, New York County.

Action for a mandatory injunction by Matilda Leerburger against the Hennessey Realty Company and another. From a judgment for defendants on the merits, plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Keith & Abbot, of New York City (Everett V. Abbot, of New York City, of counsel), for appellant.

H. B. Davis, of New York City (Louis Sachs, of New York City, on the brief), for respondents.

CLARKE, J. Plaintiff owned a lot on 113th street, in the front part of which there was a building. Her back yard extended 35 feet from that building to the rear line of her lot, which remained at its natural surface. Defendant company, of which defendant Polstein was president and principal owner, owned a lot on 112th street abutting on the back of plaintiff's lot. On this lot it undertook to erect a build-

ing, and in doing so excavated up to the plaintiff's line. There is some dispute as to the depth of this excavation below the surface of plaintiff's yard. The court found it to be about 9 feet. Upon its own land defendant erected a retaining wall about 3 feet 1 inch high. It then went onto plaintiff's land and erected a further wall, not upon the top of its own retaining wall, but on plaintiff's ground, 5 feet 9½ inches high, up to the level of plaintiff's yard.

This action was brought to enjoin a continuing trespass, to compel the taking down of the wall on the plaintiff's property, and to compel the defendant to erect a proper retaining wall on its own property. During the progress of the litigation defendant took down the wall on plaintiff's property. It thereafter erected on its own wall an iron fence of an eighth of an inch in thickness, supported by angle irons. The plaintiff continues the litigation, however, upon the ground that said fence is not a sufficient protection, that her land has already sunk 6 inches, that the fence has rusted and is bulged out of shape, and that she is entitled to have a proper retaining wall built in its place.

[1] The learned court, as it seems to us, misinterpreted section 22 of the Building Code. He held that no obligation rested on the defendant, as the excavation was not 10 feet in depth, as therein provided. Plaintiff claims, and it seems justly, that said provision has no application here; that the requirement as to depth is the statutory provision in regard to excavations contiguous to walls and buildings. Under the common law a property owner was entitled to lateral support for his land at its original surface. Farrand v. Marshall, 21 Barb. 409. If he burdened his land with a structure, however, the common law did not furnish a remedy. Lasala v. Holbrook, 4 Paige, 169, 25 Am. Dec. 524. Therefore the statute was enacted which provided that, if an adjoining owner dug down more than 10 feet, he was required to protect his neighbor's building from damage caused by the excavation.

In the case at bar there is no building to be shored up or protected, and hence I do not think the 10-foot excavation provision applies. The case is governed by the common law, and also by the last clause of section 22, declaratory of the common law, which provides:

"When an excavation is made on any lot, the person or persons causing such excavation to be made shall build, at his or their own cost and expense, a retaining wall to support the adjoining earth; and such retaining wall shall be carried to the height of the adjoining earth, and be properly protected by coping. The thickness of a retaining wall at its base shall be in no case less than one-fourth of its height."

[2] We think that plaintiff was entitled to this lateral support, and that the sheet iron fence does not give it. It does not seem to be authorized. The permit from the building department for its erection was revoked. It cannot in its nature be permanent, and defendant ought to build up the wall it started to construct on its own land.

[3] The further complication is suggested that since the action was commenced defendant has sold the property, and therefore that no order could be effective which required it to go upon the land of another person and build. The conclusive answer to that, it seems to us, is that notice of lis pendens was filed, and that the property was

taken subject to and with notice of the pending action. Section 1671 of the Code of Civil Procedure provides:

" \* \* \* A person, whose conveyance or incumbrance is subsequently executed, or subsequently recorded, is bound by all proceedings taken in the action, after the filing of the notice, to the same extent as if he was a party to the action."

We think that the eighth finding of fact should be reversed, that the judgment should be reversed, and judgment ordered for the plaintiff for the relief demanded, with costs and disbursements to the appellant.

INGRAHAM, P. J., and LAUGHLIN, J., concur. SCOTT and MILLER, JJ., dissent.