WAHL, Respondent, vs. KELLY and others, Appellants.

*December 7, 1927—January 10, 1928.*

*Adjoining landowners: Rights of lateral support: Buildings: Cave-in of soil due to excavation: Liability of owner: Of contractor performing work: Underground encroachments: Irregularity of concrete wall: Pleading: Improper joinder of causes of action: Where complaint is amended for convenience of court.*

1. An owner of real estate is entitled to have the lateral support afforded by the land of an adjoining owner in its natural state, though such right does not extend to buildings or other improvements on the land. p. 563.
2. A landowner who has a building on his property must provide proper support for the additional load caused by such building whenever the owner of the adjoining property desires to exercise his right to excavate on the adjoining lot. p. 563.
3. The complaint of an owner of a house and lot, alleging that defendants, in excavating for the basement of a theater building to be erected on adjoining property, removed the lateral support to plaintiff's land so that the earth caved in, exposing the basement wall of plaintiff's residence, is *held* to state a cause of action. p. 564.
4. The subcontractor having charge of the work of excavating the basement and constructing the walls is liable to an adjoining landowner for the removal of the lateral support; and a landowner who proposes to excavate on his lot owes to the owner of the adjoining lot the duty to preserve such support for the natural soil of his neighbor's lot, and must furnish artificial support when the natural support is removed. p. 564.
5. Such duty is a nondelegable duty, and cannot be avoided by a contract with an independent contractor for doing the excavating; and if the caving in of the neighbor's land was a natural

and reasonably anticipated result of the excavation, defendant was liable as an adjoining landowner for the amount of the legal damage caused, notwithstanding a contract by which an independent contractor was charged with the duty of making the excavation and erecting the building.   pp. 564, 566.

6. The independent contractor who had been given the general contract for the erection of the building and who sublet the excavation of the basement is not liable to the owner of the adjoining lot for the caving in of the other's land due to the removal of the lateral support, irrespective of the contractor's agreement to indemnify the owner for the damage resulting from the excavation, since the owner could not delegate the duty to furnish lateral support.   p. 566.

7. Such agreement is *held* not to give the adjoining landowner a cause of action against the independent contractor for the removal of the lateral support, since there was no privity of contract between the contractor and the adjoining landowner, the excavating being done by the subcontractor.   p. 566.

8. The complaint alleging that defendants had removed portions of plaintiff's subsoil in doing the excavating and had failed to fill or barricade the depressions, with the result that the foundation of the theater building extended over on plaintiff's land in an irregular manner, preventing its use by plaintiff for a wall, states a cause of action for unlawful encroachment constituting a continuing trespass.   pp. 566–568.

9. The owner of the property and the subcontractor were liable to the owner of the adjoining lot if the subcontractor constructed an irregular wall extending under plaintiff's premises which would hinder plaintiff's construction of a wall on his own premises.   p. 568.

10. The independent contractor, charged with the construction of the building generally, is not liable to the owner of the adjoining property for the subcontractor's construction of the irregular wall, irrespective of the contract by which the contractor was to indemnify the owner for the damages caused by the excavating.   p. 568.

11. The defendants, who answered the original complaints in actions subsequently consolidated, waived the right to demur on the ground that the amended complaint involved improper uniting of several causes of action, under sec. 263.12, Stats., since the rights of the parties were fixed by the pleadings in the original actions, and the amended complaint was filed pursuant to the order of the court and presumably for its convenience.   p. 568.

APPEAL from an order of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed in part.*

*Max Wahl,* the plaintiff, instituted two separate actions in the circuit court for Dane county against the defendants *John H. Kelly, Beecroft Building Company,* and *John V. Frederickson,* surviving member of the copartnership of A. D. & J. V. Frederickson. The complaint in the first action set forth three separate causes of action. The complaint in the second action set forth two separate causes of action. The defendants answered the complaint in both actions. After issue was joined the court consolidated the two actions and ordered plaintiff to prepare a new complaint covering all of the allegations set forth in the complaints in the two actions so consolidated, with permission to include in said new complaint "any and all other acts or omissions of the defendants herein, wherein the plaintiff claims to have sustained any damage." The new complaint set forth five causes of action. Each of the defendants demurred to each cause of action on the ground that it did not state facts sufficient to constitute a cause of action, and each defendant demurred on the further ground that several causes of action have been improperly united in said amended complaint. The several demurrers on the ground that several causes of action have been improperly united in the said complaint were overruled, as were also the several demurrers to the second, fourth, and fifth causes of action, from which order the defendants appealed.

For the appellants there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *L. W. Raeder.*

For the respondent there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Oscar T. Toebaas.*

OWEN, J.   The complaint, prepared pursuant to the order of the court consolidating the two original actions, alleges, as matters of inducement, that the *Beecroft Building Company* is a domestic corporation; that *J. V. Frederickson* is the surviving member of the copartnership known as A. D. & J. V. Frederickson; that the plaintiff is the owner of a certain lot in the city of Madison adjoining a lot owned by the *Beecroft Building Company* and upon which the *Beecroft Building Company* was constructing a theater building; that the *Beecroft Building Company* let the general contract for the erection of said theater building to A. D. & J. V. Frederickson, who sublet a part of their general contract to the defendant *John H. Kelly,* a part of which subletting included the excavation for a basement and of the building of a basement and all masonry work and all brick work and steel work in connection therewith.   Upon information and belief it is alleged that said A. D. & J. V. Frederickson have, for value, agreed in their contracts to save and protect the said *Beecroft Building Company* harmless from any and all claims for damages made or sustained by adjoining lotowners as to any acts or omissions committed by either *John H. Kelly* or A. D. & J. V. Frederickson, or any subcontractor or the servants or agents of any or either of them in the erection, construction, and building of said theater building.

The second cause of action, with which we are first concerned, after setting forth the foregoing matter of inducement, then alleges that the defendants, or either of them, through their servants, agents, or employees in excavating the basement of said theater building, removed the lateral support to plaintiff's land, so that the earth caved in and fell down to such an extent as to uncover and expose the southwest basement wall of plaintiff's residence, and that as a result of such exposure to the elements and weather the mortar between the stones of such wall became generally weakened, broken off, and thin, so that water from rain,

ice, and snow flowed into plaintiff's basement; that such caving in⁻of earth and consequent exposition of said plaintiff's wall to the elements was not due to any artificial weight placed upon plaintiff's land, but that such caving in was caused by loss of lateral support to which plaintiff was entitled, and that said defendants took no precautions whatsoever to prevent said earth from caving in and thereby exposed said basement wall to damage by the elements; that as a consequence he has sustained damages in the sum of $1,000, for which sum he prays judgment. To this complaint each of the defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

These demurrers present the question, first, whether the complaint states a cause of action against any one; and second, if so, against whom? Citation of authority to the proposition that an owner of real estate is entitled to the lateral support afforded by the land of an adjoining owner in its natural state is unnecessary. Neither is citation of authority necessary to the proposition that this right of lateral support only extends to his land in its natural state. It does not extend to buildings or other improvements made thereon. The complaint reveals the fact that a dwelling house is erected upon plaintiff's lot, and defendants' contention is that plaintiff's absolute right to lateral support does not extend to the dwelling. If it appeared that the cave-in was due to the weight of the building, then the complaint would fail to state a cause of action, because it was the plaintiff's duty to provide for the proper support of such additional load whenever the *Beecroft Building Company* desired to exercise its right to excavate on said lot. *Hickman v. Wellauer,* 169 Wis. 18, 171 N. W. 635; *Christensen v. Mann,* 187 Wis. 567, 204 N. W. 499. There is nothing in the complaint from which it can be inferred that the cave-in was due to the extra weight of the building. There is no allegation that the support of the building itself was

disturbed, or that any damages are demanded on that account. The allegation is that the soil caved in, leaving the basement wall exposed to the elements. With the question of whether the injury resulting to the basement wall is an appropriate item of plaintiff's damage we are not concerned at this time. It appearing that the soil of plaintiff's lot caved in by reason of the removal of the lateral support, a cause of action is stated. Should it appear from the proof that the cave-in was due in part to the removal of the cohesive support of plaintiff's own soil, another and an interesting question will be presented. See *Gillies v. Eckerson,* 97 App. Div. 153, 89 N. Y. Supp. 609; *Corporation of Birmingham v. Allen,* L. R. 6 Ch. Div. 284.

Having concluded that the complaint states a cause of action, the question now arises whether the action is maintainable against all of the defendants. The defendant *Beecroft Building Company* was the owner of the adjoining premises. It let the general contract for the construction of the theater, including the excavation of the basement, to the defendants A. D. & J. V. Frederickson, they agreeing in their contract to save the *Beecroft Building Company* harmless from damages of the nature here under consideration. The contractors A. D. & J. V. Frederickson sublet to the defendant *Kelly* the work of excavating the basement and the construction of the walls and masonry thereof. It probably requires no argument or citation of authority to the proposition that the defendant *Kelly* is at least liable. What about the liability of the *Beecroft Building Company* and A. D. & J. V. Frederickson, general contractors?

A landowner proposing to excavate on his lot owes to his neighbor owning an adjoining lot the duty to preserve the lateral support for the natural soil of his neighbor's lot. He must furnish artificial support in lieu of the natural support which he removes. This is a nondelegable duty which he who proposes to excavate owes to his neighbor.

He cannot avoid liability for the nonperformance of this duty by contracting with an independent contractor for the performance of the work.   The burden of protecting his neighbor's soil rests upon him.   It is a burden from which he may not free himself by contract with another.   It is a personal obligation which he owes his neighbor, and his neighbor cannot, without his consent, be compelled to accept another, and perhaps a less responsible, substitute.

In holding the Metropolitan Sewerage Commissioners liable for pumping sand and water from a sewer under course of construction, resulting in the removal of lateral support from plaintiff's land, the supreme court of Massachusetts, in *Cabot v. Kingman,* 166 Mass. 403 (44 N. E. 344), at p. 406 said:

"The contention of the defendants is that, if there is any liability, Roberts the contractor is alone liable.   It is not clear that by the terms of the contract the defendants, acting through their chief engineer, did not retain such control over the manner of constructing the sewer as to render themselves liable for injuries to third persons resulting therefrom, within the principle of the decision in *Linnehan v. Rollins,* 137 Mass. 123.   But whether this is so or not, assuming the offer of proof to be true, we think that the defendants are liable if the result of what has been done in the proper performance of the contract has been to remove the soil from the plaintiff's premises to his injury.   In *Dalton v. Angus,* 6 App. Cas. 740, 829, Lord BLACKBURN states the law as follows: 'Ever since *Quarman v. Burnett,* 6 M. & W. 499, it has been considered settled law that one employing another is not liable for his collateral negligence unless the relation of master and servant existed between them.   So that a person employing a contractor to do work is not liable for the negligence of that contractor or his servants.   On the other hand, a person causing something to be done, the doing of which casts on him a duty, cannot escape from the responsibility attaching on him of seeing that duty performed by delegating it to a contractor.   He may bargain with the contractor that he shall perform the

duty and stipulate for an indemnity from him if it is not performed, but he cannot thereby relieve himself from liability to those injured by the failure to perform it.' "

See, also, numerous English and American decisions cited in support of this proposition in a note to be found in 23 A. L. R. 1033, where the annotator says: "Except the case of *Aston v. Nolan,* 63 Cal. 269, all the authorities I have been able to find hold that the landowner who causes such an excavation to be made cannot relieve himself of responsibility by any contract he can make."

It follows that, if the caving in of plaintiff's land was a natural and reasonably to be anticipated result of the excavation for the basement of the theater building, the *Beecroft Building Company* is also liable to the plaintiff for the amount of his legal damage. But we can see no ground upon which liability of the defendant *Frederickson* can be predicated. He, or the firm of which he is a surviving member, owed no duty to the plaintiff that could not be delegated to another. The complaint alleges that A. D. & J. V. Frederickson sublet the excavation of the basement to *John H. Kelly.* While it is not stated in so many terms that *Kelly* became an independent contractor under the Fredericksons, such is the natural deduction to be drawn from the allegation. We hold that the plaintiff has no claim against *Frederickson.* True, it appears from the complaint that the Fredericksons agreed to indemnify the *Beecroft Building Company* from damage resulting from the excavation of the basement. However, this does not result in any privity of contract between the plaintiff and the Fredericksons and gives the plaintiff no claim upon them. The demurrer of *Frederickson* to this cause of action should have been sustained.

We come now to inquire whether the fourth cause of action set forth in plaintiff's complaint contains facts sufficient to constitute a cause of action. The gist of this cause of action is that in the excavation of the basement for the theater

building portions of plaintiff's subsoil have been removed from his premises, leaving large depressions or cavities along the division line, and that in the pouring of the concrete for the foundation of the theater building the defendants failed to barricade said depressions and cavities extending into plaintiff's land, or to fill them up with dirt, so that the concrete extended into said depressions and cavities and hardened therein; the result being that the foundation of said theater building extends over and upon plaintiff's land, varying from a few inches to many feet; that said concrete wall now presents an irregular and jagged contour extending into plaintiff's premises, owing to which it can never be used by the plaintiff for a wall upon his premises, but that its presence on his premises in its present condition will greatly hinder and make more expensive the construction of a wall thereon, thereby reducing the value thereof. This cause of action was severally demurred to by the defendants on the ground that it did not state facts sufficient to constitute a cause of action. Appellants' contention in this respect is without substance. The allegations of the complaint certainly show an unlawful encroachment constituting a continued trespass (*Ogden v. Straus Bldg. Corp.* 187 Wis. 232, 202 N. W. 34) upon plaintiff's property, and that it is of a nature that will make the construction of a wall for an apartment or business building more expensive and the lot less valuable. Appellants say that the situation is similar to that in *Ogden v. Straus Bldg. Corp., supra,* where this court declined to compel immediate removal of similar encroachments. The decree in that case did order the removal of the encroachments, not immediately, to be sure, but at any time when the owner of the premises encroached upon shall have occasion to use that portion of the premises where the encroachments rest. The fact that the court did not order the *immediate* removal of the encroachments did *not* imply that the plaintiff had no cause of action. The rights of the parties were fixed by the decree of the court notwith-

standing the actual removal of the encroachments was postponed until such removal became necessary for the full enjoyment of the premises by the owner thereof. We conclude, therefore, that the fourth cause of action set forth in the complaint states a cause of action against the defendants *Beecroft Building Company* and *John H. Kelly;* but, for the same reasons stated with reference to the second cause of action, it does not state facts sufficient to constitute a cause of action against the defendant *Frederickson.* The demurrers of the defendants *Beecroft Building Company* and *John H. Kelly* were therefore properly overruled. The demurrer of the defendant *Frederickson* to the fourth cause of action should have been sustained.

The demurrer to the fifth cause of action should have been sustained. The pleader evidently attempted to re-allege all of the facts alleged in the fourth cause of action for the purpose of stating a cause of action at law for damages, but he only re-alleged, by reference, the allegations of the complaint contained in paragraphs 1 to 7, which were merely matters of inducement, referred to in the beginning of this opinion. They did not state a cause of action, and the several demurrers to that cause of action should have been sustained.

Referring to the demurrer on the ground that several causes of action have been improperly united in said amended complaint, it seems clear that demurrer on this ground was waived by the defendants in making answers to the original complaints in the consolidated actions. Sec. 263.12, Stats. The rights of the parties were fixed by the pleadings in those two actions. The amended complaint was filed pursuant to the order of the court, presumably for the convenience of the court, to the end that a single complaint might disclose the various causes of action upon which plaintiff relied. In view of the consolidation of the two actions by the order of the court, it is now too late for the defendants to raise the objections that several causes of

action have been improperly united in the amended complaint, and the demurrer on that ground was properly sustained.

*By the Court.*—So much of the order appealed from as overrules the demurrer of the several defendants to the fifth cause of action, and the demurrer of the defendant *Frederickson* to the second and fourth cause of action, is reversed, with instructions to sustain such demurrers. In all other respects the order appealed from is affirmed. Appellants to recover costs in this court.