ESTHER B. BIENSTOCK, Plaintiff, v. NISTA CONSTRUCTION COMPANY, INC., and Another, Defendants.

Supreme Court, Bronx County, March 25, 1930.

*A. H. Friesner*, for the plaintiff.

*A. J. Romagna*, for the defendants.

CALLAHAN, J.  The plaintiff and defendant own adjoining lots on the west side of Decatur avenue, New York city.  Neither lot faces any other street.  On the plaintiff's land is erected a brick dwelling of two or three stories in height which is a permanent structure used as plaintiff's residence.  The house is so erected that one portion of it runs within six inches of defendant's line.  The grade of the plaintiff's land was approximately six feet above the established grade of the street.  Defendant in order to construct an apartment house on its lot excavated its land to approximately the street grade.  In doing so it exposed a portion of the foundation of plaintiff's house.  Defendant erected a retaining wall about twenty inches wide entirely on the plaintiff's land, parallel with the dividing line between the properties.  Part of this wall lay under and supported a portion of the foundation of plaintiff's house.  Plaintiff sues for an injunction ordering the defendant to remove the retaining wall from her land and directing the defendant to erect a wall on defendant's land which shall afford lateral support to plaintiff.

Defendant contends that it erected the wall entirely on plaintiff's land pursuant to the provisions of article 11, section 211, of the Code of Ordinances of the City of New York (Building Code).

Neither the 1st nor the 2d subdivision of that section appears to apply to the situation here involved.  Subdivision 1 relates to a situation where the grade of a lot is required to be raised and kept higher than the ground of the adjoining lot.  In the instant case the regulation of defendant's lot conforming it with the street grade required the lowering or excavation of the land.

Subdivision 2 of section 211 relates to a case where there is no building or permanent structure on the adjoining land other than frame sheds or structures of like character. That is not the instant case.

In my opinion, section 230, subdivision 2, of said Building Code applies here. That section provides that " when an excavation is made on any lot, and a provision for the support of adjoining earth is not otherwise made in accordance with law, the person making such excavation or causing it to be made shall, at his own cost and expense, except as may be provided in article 11 of this chapter or as hereinafter provided in this section, build a retaining wall to support the adjoining earth; and such retaining wall shall be carried to the height of the adjoining earth, and be properly protected by coping." Neither of the exceptions noted covers the instant case. As has already been indicated, section 211 does not apply. Nor do the ensuing subdivisions of section 230 have any application. Subdivision 3-a relates to a case where the excavation exceeds a depth of ten feet below the curb. Subdivision 3-b relates to a case where excavation is not carried more than ten feet below the curb. It provides that in such case the owner of any wall or building or structure on adjoining land, the safety of which may be affected, is required to preserve and protect the structures on his land from injury, authorizing such adjoining owner to enter on the premises where the excavation is to be made to carry out the protective measures. This subdivision further provides that the building of the retaining wall shall be at the joint expense of the adjoining owners where the lot on which the existing building and structure stands faces a street the grade of which is higher than that of the street which the lot to be excavated faces. In the instant case both parcels are facing the same street. Therefore, this provision has no application.

While the plaintiff herein may have been responsible for the cost of supporting the foundation of his house that claim is not involved herein.

I find that plaintiff was entitled to lateral support of his land as distinguished from the structures thereon at defendant's expense and the supporting wall was required to be erected on defendant's land. (*Leerburger* v. *Hennessey*, 154 App. Div. 158; mod. and affd., 214 N. Y. 659.) The common law gave the right of lateral support to one's land in its natural state. When one disturbed it by the erection of a building the right did not exist to such support of the disturbed land. (*Radcliffe* v. *Mayor of Brooklyn*, 4 N. Y. 195, 202; *Gillies* v. *Eckerson*, 97 App. Div. 153.) Where only part of the land is so disturbed it would appear that as to the land remaining in

its natural state the right to lateral support continued. (*Leer-burger* v. *Hennessey, supra.*) The Building Code gives additional rights to those existing at common law where the excavation of the adjoining land exceeds ten feet. In such case the excavator must protect contiguous buildings. That situation does not apply here. In the present case, therefore, defendant supported plaintiff's foundations although not required to do so, but he was required by section 230, subdivision 2, of the Building Code to erect a retaining wall at his, defendant's, expense. There being no statutory provision as to the location of the wall applicable in the present case defendant could erect it only on his own land.

I direct judgment for plaintiff as demanded in the complaint against the corporate defendant, without costs. Complaint dismissed, without costs as to the individual defendant. Submit findings.