Theo A. Iguera et al., Plaintiffs, *v.* Gustav Benz et al., Deferdants.

Supreme Court, Trial Term, Queens County, October 31, 1942.

*William E. Frost* for plaintiffs.

*Samuel Blonstein* for defendants.

F. E. Johnson, J. The plaintiffs in this action are the adjoining owners of property on Kessel street and the defendants are the adjoining owners of property on the rear street so that the rears of the lots on both streets abut. The legal level of Kessel street is substantially lower than the legal level of Loubet street. The land of the higher lots on Loubet street is at the rear substantially higher than the rear of the properties on Kessel street and the wall retaining the defendants' land is obviously necessary. The one there having decayed and a new one being imperatively required for conditions of safety, the plaintiffs, acting under the Administrative Code of the City of New York (L. 1937, ch. 929), called upon the defendants to contribute their share, but the defendants made no answer, whereupon the plaintiffs built the wall and now seek a contribution from the defendants for their share under sections C26-562.0 to C26-564.0, inclusive, of the Administrative Code. It is probable that the plaintiffs had the right to put the

wall half upon the defendants' land and half upon their own, but they have benefited the defendants by assuming the whole burden of the location, and thus the defendants have more of their property free of physical encumbrance than they would have if the statute had been literally followed. The defendants, upon contribution, will own half of the wall and have none of the burden of having their land used for its foundation. The defendants' objection to this procedure is without merit. In effect, they complain that they were not burdened by an appropriation of part of their land. The plaintiffs having contributed all the land necessary for the foundation, the defendants have been benefited instead of damaged and they have no complaint on that point. The plaintiffs had to build a higher wall than would have been necessary if they had not lowered the level in the rear of their lots below that of their own street, and they agree that for that extra wall they must pay without contribution. They claim only contribution for such of the wall as is above what would be the curb level of their street if it had been maintained in the rear of their lots. They are entitled to contribution under these sections for all except this extra part of the wall which the statute calls "surplus."

The authorities cited by the defendants are not in point because they deal with claims of adjoining owners who face on the same street or who are governed by the same street level, so that if one of them chooses to ignore it and keep his property high or low, he is the author of the need for a retaining wall between him and his neighbor on the side. The establishment of a street or curb level fixes a level at which all owners on that street are expected to grade their properties, and if one chooses not to do it, and is above or below his neighbor, he must protect his neighbor as the price of his own act in choosing to ignore the legally established measures. The cases of *Riley* v. *Continuous Rail Joint Co.* (110 App. Div. 787), *Bergen* v. *Morton Amusement Co., Inc.* (178 App. Div. 400), and *Bienstock* v. *Nista Construction Co., Inc.* (136 Misc. 480), are thus distinguished. In *Leerburger* v. *Hennessey Realty Co.* (154 App. Div. 158, 214 N. Y. 659) there was no question as to the effect of the different street levels.

Plaintiffs are, therefore, entitled to judgment, but the computation of how much each plaintiff is entitled to against each defendant will require another hearing. I am much impressed by the survey in evidence and the computations based upon it and am of the opinion that the plaintiffs are entitled to the

amounts worked out in those elaborate computations, but a hearing will be held in Trial Term, Part IV, Kings County, on November 6, at ten A. M. as a continuance of the trial and for the taking of any other proof that either party may offer.

(On further hearing, December 15, 1942.)

The amounts due plaintiffs, pursuant to the above decision, have been computed with the following rules of law in mind: (1) An architect was necessary and his fee was part of the total cost; (2) a " frost footing " was necessary if the wall was to remain upright for any great length of time; (3) the four-foot depth thereof was necessary (§ C26-403.0); and (4) the fence was necessary (§ C26-563.0, subd. d). Half a foot of the " toe " of the " frost footing " has been allowed defendants. Submit a judgment on notice giving the following awards: *Iguera* v. *Benz,* $83.73; *Frost* v. *Benz,* $53.44; *Frost* v. *Markert,* $52.20; *Fereance* v. *Markert,* $100.95; *Gleichenhaus* v. *Miller,* $98.13; *Scheer* v. *Miller,* $47.38; *Scheer* v. *Schneider,* $47.39; *Alt* v. *Schneider,* $96.21; *Burger* v. *Hess,* $94.38; *Gitlen* v. *Hess,* $88.98. The plaintiffs are entitled to costs, because the conduct of the defendants to date shows no desire to face frankly their debt and pay it as good neighbors should do in the repairs of a party wall. Costs and all taxable disbursements are allowed to each plaintiff.