## MARSH vs. PUGH.

EVIDENCE. *Contract to build house according to written specifications; oral proof of plan referred to in specifications.*

In an action for an alleged balance due plaintiff for erecting for defendant certain houses of uniform size and plan, where the only question was, whether, by the contract between the parties, the roofs were to have a one-fourth or a one-third pitch, plaintiff put in evidence the written *specifications* for the houses, which did not specify the pitch of the roofs, but referred to a *plan*, distinct from the specifications. *Held,*

(1) That testimony was admissible for the plaintiff to show that such plan corresponded with a certain drawing which had been lost, and also to show at what pitch the roofs were represented on such drawing.

(2) That defendant was then entitled to show by parol that the plan agreed upon corresponded with that of certain other houses, and what was the pitch of *their* roofs.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff, a builder, erected for the defendant six small houses or cottages, of uniform size and plan, at a stipulated price; and he brought this action to recover an alleged unpaid balance of the contract price, and for certain work performed thereon and materials furnished therefor not required by the contract. A charge in the plaintiff's account for changing the pitch of the roofs seems to be the only item therein seriously contested. The plaintiff claimed that the original contract was for roofs having one-fourth pitch, while the defendant claimed that the agreed pitch was one-third. The roofs were constructed with the latter pitch, which was the more expensive of the two; and the plaintiff recovered the difference in expense. From this judgment the defendant appealed.

The evidence and the rulings of the trial court are sufficiently stated in the opinion.

The cause was submitted on briefs.

*McMullen & Houts,* for appellant.

*R. N. Austin,* for respondent.

LYON, J.  On the trial, the plaintiff gave in evidence an instrument in writing, signed by the parties, purporting on its face to be *specifications* for the houses in question.  This instrument does not specify the form or pitch of the roofs. In it, however, we find reference made to a *plan* of the houses, which is evidently separate and distinct from the *specifications*.

The plaintiff testified, in substance, that such *plan* was drawn on a board which had been lost, and that the drawing showed the roofs at a quarter pitch.  But the court refused to allow the defendant to show that the agreement between the parties was that the houses should be constructed like three specified cottages in the neighborhood, and that the roofs of those cottages were constructed with a pitch of one-third.

Manifestly, it was error to reject testimony to prove those propositions.  It was competent for either party to show what was the *plan* referred to in the specifications, and the court very properly allowed the plaintiff to give testimony tending to show that such plan corresponded with a drawing of the houses, and, such drawing having been lost, to show by parol at what pitch the roofs were represented thereon.  But it was equally competent for the defendant to introduce testimony tending to show that the plan agreed upon corresponded with that of the three cottages above mentioned, and what was the pitch of the roofs of those cottages.  It cannot justly be said that such testimony will tend to change, or add to, the terms of a written contract.  The form of the roof pertains to the *plan* of the buildings, and parol testimony concerning it does not affect the written specifications.

Because of the error above mentioned, the judgment must be reversed, and a new trial awarded.

*By the Court.*— So ordered.