## MARSH VS. PUGH.

PLEADING. *(1, 2) Effect of not denying averments of complaint.*
HUSBAND AND WIFE: WITNESS. *(3, 4) Wife as witness for husband; preliminary proof of agency.*
COSTS: *(5) Of first trial, awarded to party successful in second trial.*

1. Averments of the complaint, not denied by the answer, are admitted. R. S., ch. 125, sec. 31.
2. Where the answer did not deny plaintiff's averment that he built certain houses for defendant *according to contract*, but merely set up counterclaims for labor done and materials furnished for plaintiff by defendant in afterwards *raising* said houses, there was no error in refusing an instruction as to the damages to be allowed defendant if such raising was made necessary by plaintiff's breach of contract.
3. A wife is not a competent witness for her husband, except as to matters in which she has acted as his agent; the question whether she so acted in a given transaction (though she is probably a competent witness upon that question), is to be determined by the court before she is admitted to testify in chief; and the proof of her agency should generally be elicited by *direct* interrogatories on that subject.
4. Certain questions (for which see the case) were put to defendant's wife, offered as a witness for him; her agency had not been otherwise shown; and the answers to the questions could not have any tendency to show it. *Held*, that there was no error in rejecting the evidence.
5. A judgment for plaintiff on the first trial of the action, including jury fees and tax for clerk's salary, was reversed, and a new trial ordered by this court. Upon judgment for plaintiff in the second trial, the clerk of the trial court, in taxing costs in his favor, included such *former* fees and tax; and that court, on appeal therefrom, sustained the taxation. *Held*, that the trial court had discretion to make the costs of the first trial abide the event of the second, and that discretion might be exercised on such appeal from the clerk's taxation.

APPEAL from the County Court of *Milwaukee* County.

The complaint alleges that the parties made two contracts, in which plaintiff agreed to furnish the materials and erect for the defendant six small houses according to certain plans and specifications; that defendant agreed to pay plaintiff therefor, in the aggregate, $3,066; that plaintiff fully performed such

agreement on his part; and that defendant has paid him $2,900 on the contracts, and no more.   None of these averments are denied in the answer.

The complaint further alleges that plaintiff furnished materials and performed labor in the erection of the houses, not required by the contracts, and that defendant took certain lumber belonging to plaintiff; for all of which defendant promised to pay plaintiff, and which were worth $202.   The extra work thus performed and for which such materials were furnished, is specified to be " the raising of the roofs of the five houses first contracted; the use of a man and team one day; boarding up the front of the houses; making back steps, and raising the chimneys."   Judgment is demanded for $368, with interest thereon from a specified date.

The answer admits that plaintiff performed work and furnished materials in the erection of the houses to the value of seventy dollars, not required of him by the contracts, and alleges that " the same consisted in making back steps to said houses, in boarding up front of houses, and in making a chair rail to two houses."   Beyond this, the claim for extra work and materials is denied.   The answer also admits that defendant is indebted to plaintiff on account of such contract $150, and for such extra work and materials $70: in all $220.

There are two counterclaims in the answer: one for $25, for work and labor performed; and the other for $15, for lumber and building materials furnished by the defendant for and to the plaintiff.

When the answer was served, defendant offered plaintiff judgment for $220, and interest thereon from a specified date; but the offer was not accepted.

The jury returned a special verdict, in which they found that there was due the plaintiff $166 on the original contracts, and $68 for work done and materials furnished by him outside the contracts; that the raising of the roofs and chimneys was not required by the contracts, and was worth $80; that defendant

took plaintiff's lumber, of the value of fifty dollars, without his consent; that those sums, with interest from the date 'of the completion of the contracts, amount to $425.51; and that defendant performed labor for the plaintiff worth nine dollars, but furnished no materials as stated in the second counterclaim.

A motion for a new trial was denied, and judgment rendered for the plaintiff on the special verdict, for $416 and costs.

A further statement of the case, explanatory of certain rulings of the county court upon which error is assigned, will be found in the opinion.

Defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *J. F. McMullen.*

*R. N. Austin,* for the respondent.

Lyon, J. I. On the trial, the defendant, who was on the stand as a witness, was asked by his counsel this question: " What is the condition of those roofs now — the roofs of those houses? " The court sustained an objection to the question, and that ruling is assigned as error.

We think the ruling is correct. The houses were erected in 1873, and the cause was tried in 1877. We are unable to perceive how the answer to a question calling for the condition of the roofs four years after they were constructed, could possibly affect any issue made by the pleadings. It might tend to show that the roofs were not constructed according to contract, but that question is not in issue; for, by not denying, the answer admits that the plaintiff fully performed the contract on his part. R. S., ch. 125, sec. 31. Counsel for defendant says the question was intended to elicit from the witness a description of the roofs as they were after they had been raised by the plaintiff. Suppose the question called for that information: it is still immaterial. There is no controversy as to the facts that the plaintiff raised the roofs from a $\frac{1}{4}$ to a $\frac{1}{3}$ pitch, and raised

the chimneys to correspond with the altered pitch, and that it was worth $80 to do it. The controversy was upon the question whether the original contracts provided for the less or greater pitch, and the verdict is in effect that they provided for the $\frac{1}{4}$ pitch. A description of the roofs after they were raised could not possibly aid in the determination of that question.

II. The defendant called his wife as a witness, and propounded to her the following questions: " Who had charge of the money matters of your husband at that time? Did *Mr. Marsh* talk with you about the matters concerning those houses, it being easier to talk with you than with your husband? Do you know whether your husband had bought any new lumber?" The questions relate to the time when the houses were being erected, and counsel for the defendant stated that he proposed to show by the witness that the business was generally done through her. These questions were severally objected to, and the court sustained the objections.

A wife is not a competent witness for her husband except in respect to matters in which she has acted as his agent; and whether she has so acted in a given transaction, is a question to be determined by the court before her testimony is received. Probably she is a competent witness to prove the agency, but the agency must be proved before she can properly be admitted to testify in chief. If the fact of agency exists, it can usually be proved by direct testimony elicited by direct interrogatories, and could readily have been so proved in the present case if there was any agency. No indirection in the preliminary examination of Mrs. Pugh was necessary or justifiable. We are not able to see how the answers to the questions propounded to Mrs. Pugh could have any tendency to show that she was the agent of her husband in respect to any transaction involved in this issue. Concede that, had she been permitted to answer, she would have testified that she had charge of her husband's money matters, that the plaintiff talked with her about the

houses because it was easier to talk with her than her husband, and that she knew that her husband had bought new lumber: all this would have given the court no light whatever on the question of her agency in respect to any matter involved in the issue. She should have been asked whether she acted for her husband and by his authority in some transaction in controversy; and the court, if satisfied that she did so act, would have admitted her to testify concerning such transaction.

We conclude that the objections to the questions propounded to Mrs. Pugh were correctly sustained.

III. Testimony was given on the trial, on behalf of the defendant, tending to show that two of the houses were not built at a proper elevation from the ground, and that the defendant necessarily expended thirty dollars in raising them. The court refused to give the following instruction on that subject, asked on behalf of the defendant: " If the jury shall find from the testimony, that the defendant was obliged to do work and labor, and expend money, to raise any one or more of the houses mentioned in the complaint, and such raising was made necessary by the failure of the plaintiff to do the work or erect said house or houses properly and according to his contract, then the defendant may be allowed, under the counterclaims in the answer, what the testimony shows was the value of the work done and money expended by the defendant in raising said houses."

The learned county judge refused to give this instruction, because the answer admits that the plaintiff performed the contract on his part. We think the instruction was properly refused for the reason given, and that such refusal was equivalent to ruling out the testimony on that subject.

That the plaintiff built the houses according to his contract is a verity in the case — made so by the pleadings; and the question sought to be submitted to the jury could not properly. be raised in the case under the pleadings.

It is claimed by the learned counsel for the defendant, that

the evidence is admissible under the counterclaims. These are merely for work and labor done and materials furnished by the defendant for the plaintiff. Very clearly they do not allege breaches of the original contracts, and evidence of breaches thereof is not admissible under them.

It is further claimed that the record contains a bill of items of the defendant's counterclaims, in which there is a charge of $30 for raising the two houses, and that such bill is a part of the answer, and renders the evidence competent. We find such a bill with the record, but it was never filed in the county court, and it does not appear that it was ever demanded or served, or when or how it came into the case. Indeed, the only recognition of any such bill in the record is found in a statement that the jury, when they retired to consider of their verdict, took with them the items of the defendant's counterclaims. Whether this refers to the bill of items above mentioned or to some other bill, the record does not inform us. We think such bill is no part of the record, and hence we need not determine its effect were the fact otherwise. We are satisfied that the instruction was properly refused.

IV. A question of costs remains to be considered. This action has been twice tried. The first trial resulted in a judgment for the plaintiff, which was reversed by this court on appeal, and a new trial ordered. 39 Wis., 507. Included in that judgment were jury fees three dollars, and tax for clerk's salary, pursuant to ch. 451, P. and L. Laws of 1871, six dollars, which sums were paid by the plaintiff. In the taxation of costs after the last trial, the clerk taxed those items against the defendant, as well as the same items accruing on the last trial. On appeal, the county court held that the costs were properly taxed, and the whole amount of the taxed bill is included in the judgment.

Under the act of 1871, the clerk is entitled to six dollars on each judgment; and the question is, whether the jury fees and tax for clerk's salary included in the first judgment, should

have been included in the last judgment. The tax for clerk's salary takes the place of itemized fees which are given by the. general statutes as compensation to clerks of courts; and the question is to be determined on the same principles as though the case had arisen in some county in which such general statutes are in force.

In New York it seems to be the practice, in such cases, to order specifically that the costs of the first trial abide the event of the suit. *La Farge v. Kneeland,* 7 Cow., 456; *Robbins v. Railway Co.,* 7 Bosw., 1. But no such practice has ever prevailed in this state, and it may be doubtful whether this court has power to so order in a case like this.

Had the county court set aside the first verdict and granted a new trial on the grounds upon which the first judgment was reversed, doubtless it would have been within the lawful dis-cretion of that court to order that the costs of the first trial abide the event of the suit. We see no good reason why the county court has not the same discretion after this court has reversed the judgment and awarded a new trial; nor why such discretion may not be exercised on appeal from the taxation of costs. Hence, by affirming the clerk's taxation, the county court exercised its discretion in that behalf, and (so far as the items in controversy are concerned) decided and held that the costs of the first trial should abide the event of the suit. We think this was a proper exercise of its discretion by that court.

It follows from the foregoing views that the judgment of the county court should be affirmed.

*By the Court.* — Judgment affirmed.

On motion for a rehearing, it was contended in the brief of defendant's counsel, 1. That the question of the wife's agency is one on which there may be conflicting evidence, and which cannot, safely or in accordance with modern rules of practice, be determined by the court *in limine;* and that the true rule is, to allow all the testimony to come in, and the question of

agency to go to the jury with all the other questions in the case. 2. That the effect of the foregoing decision in regard to costs is to invest the trial court with a discretion not founded upon or warranted by any statute or rule of practice.

The motion was denied.