SMALLEY, Respondent, vs. THE CITY OF APPLETON, Appellant.

*October 18 — November 5, 1889.*

MUNICIPAL CORPORATIONS: *Injury from defective sidewalk. (1) Notice of defect. (2) Notice to lot-owner to repair. (3-5) Evidence: Expert testimony: Husband and wife. (6) Plaintiff's tendency to disease: Proximate cause. (7) New trial. (8) Excessive damages.*

1. In an action for personal injuries caused by a defective sidewalk it appeared that on each side of the steps leading into a building there was a hole in the sidewalk eighteen inches wide and three feet long leading into a cellar; that such holes were only partially covered with boards, and had been in that condition all the previous summer; that the sidewalk was poor and had been talked about all summer; and that the hole into which the plaintiff fell had often been left open, and was covered only with a loose board liable to be removed or broken and which in fact did break under her. *Held,* that the defect had existed for so long a time that the aldermen must have known of it.

2. If the street commissioner had ordered the owner of the building to repair the defect, the city was not thereby exempted from liability unless the defect was actually repaired.

3. A question, asked an expert witness for the plaintiff, as to whether the plaintiff's injuries could have been caused, as a whole, by a fall through a hole in the sidewalk, *held* proper.

Smalley vs. The City of Appleton.

4. The plaintiff having employed her husband as her agent to serve the requisite notice of the injury, to make measurements of the hole in the walk, etc., his testimony as to such matters is competent.

5. Upon the cross-examination of expert witnesses hypothetical questions should be based upon facts in evidence.

6. Persons having a constitutional tendency to disease have the right to travel upon the sidewalks and to have them made reasonably safe for such use; and where an injury resulting from a defect in the walk is the proximate cause of aggravating such tendency, they may recover damages.

7. The result of a former trial should have no effect upon the disposition of the cause upon a subsequent trial.

8. A verdict for $2,250 for personal injuries is *held* not so excessive as to warrant the interference of this court, the evidence having tended to show that the plaintiff was confined to her bed for about six months after the accident, and that she continued to suffer pain and had not recovered from the injuries at the time of the trial four years later.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover damages for personal injuries sustained on the evening of October 16, 1884, and alleged to have been caused by a defect in a sidewalk in the defendant city. The evidence tended to show, among other things, that by reason of the accident the plaintiff was confined to her bed for about six months; that thereafter, and up to the time of the second trial in November, 1888, she continued to suffer pain, and that she had not then recovered from the injury. The jury found a special verdict favorable to the plaintiff, and assessed her damages at $2,250. From the judgment entered thereon the defendant appealed. Other facts are stated in the opinion.

*Humphrey Pierce*, for the appellant, to the point that the damages awarded were excessive, cited *Potter v. C. & N. W. R. Co.* 22 Wis. 615; *Goodno v. Oshkosh*, 28 id. 300; *Bass v. C. & N. W. R. Co.* 39 id. 636; *Baker v. Madison*, 62 id. 137; *Johnson v. C. & N. W. R. Co.* 64 id. 425; *Rogers v. Henry*, 32 id. 327; *Castello v. Landwehr*, 28 id. 522; *Spicer*

*v. C. & N. W. R. Co.* 29 id. 580; *Karasich v. Hasbrouck*, 28 id. 569; *Patten v. C. & N. W. R. Co.* 32 id. 524; *Duffy v. C. & N. W. R. Co.* 34 id. 188; *Cuthbert v. Appleton*, 24 id. 383.

For the respondent there was a brief by *John Goodland* and *Henry D. Ryan*, and oral argument by *Mr. Goodland.* To the point that the damages awarded were not excessive, they cited *Neanow v. Uttech*, 46 Wis. 581; *Baker v. Madison*, 62 id. 137; *Berg v. C., M. & St. P. R. Co.* 50 id. 419; *Ferguson v. W. C. R. Co.* 63 id. 145; *Johnson v. C. & N. W. R. Co.* 64 id. 425.

ORTON, J. This case was before this court on an appeal from a judgment against the plaintiff, reported in 70 Wis. 340, and the cause was remanded for a new trial. The main facts were sufficiently stated on that appeal, and it will be necessary only to refer to the evidence applicable to the exceptions. We cannot but think that the exceptions reserved are very technical and do not in a single instance affect the merits of the case. The case has been twice tried, and the last time with great care by the court. The instructions of the court to the jury were very full and fair, and the rulings upon the evidence were in substance correct. But we will briefly dispose of the errors assigned.

1. On the motion for a new trial, on the ground that the verdict was contrary to the evidence: that there was no evidence that any one of the aldermen of the ward in which the accident occurred had knowledge of the defective condition of the sidewalk a sufficient time before the accident. According to the evidence, as stated in the brief of the learned counsel of the appellant, there were two holes in the sidewalk, one on each side of the steps near the building, of eighteen inches wide and three feet long, leading down into the cellar of the adjacent building. They had been only partially covered with boards. One had been

Smalley vs. The City of Appleton.

so covered that the board flew up and let children down into the hole. They had been so all summer, only partially covered. The sidewalk was poor, and had been talked about all summer. The hole in which the plaintiff fell had been recently covered by a pine board, which broke under her. The evidence is conclusive that the hole in question had long existed, was frequently open to put things into the cellar, and often left open, and when covered at all with only a loose plank, liable to be removed or broken. It was, in short, a most dangerous defect in the sidewalk, and had remained a long time, and so long a time that all the aldermen of that ward must have known of it.

2. The sustaining of the plaintiff's objection to the following questions put to the medical witnesses by the defendant's counsel: "What effect would abortion produce on the uterine and ovarian organs?" "If a blow or wrench in the side in the iliac region produced peritonitis, would it be local or general?" "What are the symptoms of *cellulitis?*" "Is it possible for an injury produced by a blow or wrench, which produces inflammation of the ovary and peritoneum, to leave the *uterus* movable, flexible, and painless?" The court had allowed a very wide cross-examination of the medical witnesses, upon all possible theories, to show that the plaintiff's injuries were caused by former miscarriages and female diseases, and only sought to limit it to hypothetical questions based upon the evidence. The questions asked were purely speculative, as was a large portion of the evidence elicited by the cross-examination. Expert questions of this character should be confined to the facts of the case, and hypothetical questions must be predicated upon the facts proved. *Luning v. State,* 2 Pin. 215; *Wright v. Hardy,* 22 Wis. 348; *Bennett v. State,* 57 Wis. 69; *Quinn v. Higgins,* 63 Wis. 664; *Gates v. Fleischer,* 67 Wis. 504. The court was very indulgent in the cross-examination, and very properly limited it to a reasonable boundary.

There was evidently not a particle of evidence excluded that could have had any legal effect upon the question of how the plaintiff's injuries were produced.

3. Overruling the defendant's objection to the following question of the plaintiff: " Could the injuries have been caused, as a whole, by a fall through a hole in the sidewalk?" The learned counsel of the appellant does not cite any case in which such an opinion was not allowed to be asked of a medical witness. Indeed, such an opinion is the most common one in cases where the cause of an injury is in question. Any one knows that the injury to the plaintiff's hip in this case *might* have been caused by her falling through this hole in the sidewalk. It is scarcely a question of expert testimony. When the learned counsel insists that his many similar questions, as to whether her injuries might not have been caused by miscarriage and the various complications resulting from it, should have been answered, he admitted this form of the question, and he says in his brief: " The opinions of medical men are constantly admitted as to the cause of disease or of death, or the consequences of wounds,"— and cites 2 Best, Ev. § 513, and many other authorities not necessary on so plain a proposition.

4. The court overruled the objection of the defendant to the testimony of R. J. Smalley, the husband of the plaintiff. The witness testified that he was employed by the plaintiff, as her agent, to serve the requisite notice on the city clerk, and to obtain the board that covered the hole in question, and make measurements of the hole, etc.; and he was allowed to testify what he did as such agent. The agency established, the testimony of the husband was clearly competent. *O' Conner v. Hartford F. Ins. Co.* 31 Wis. 160; *Marsh v. Pugh*, 43 Wis. 597; *Carney v. Gleissner*, 58 Wis. 674; *Meade v. Gilfoyle*, 64 Wis. 18.

5. The instructions of the court to the jury, excepted to,

were so clearly proper as to admit of no argument. Most of them relate to the constructive knowledge of the aldermen of the defect in the walk from its long continuance. The complaint is that there was no such defect. The court did not assume that there was any defect, but instructed the jury, if there was such a defect as claimed and it had existed for a long time, that then it might be presumed that the aldermen had knowledge of it. Other instructions excepted to were that if the street commissioner ordered the owner of the building to repair the defect the city was not thereby exempted from liability unless the defect was actually repaired, and that the promise of the owner to repair it was not alone sufficient; that if the plaintiff had a constitutional tendency to disease, and the injury was the proximate cause of aggravating that tendency, she had a right to recover; and that such persons have a right to travel on the sidewalk like others, and to have it made reasonably safe for such use. This last instruction was approved in *Stewart v. Ripon*, 38 Wis. 584. The parts of the instructions excepted to are very long, but the above are believed to be substantially correct as embodying the distinct propositions or principles of the charge.

Lastly, it is contended that the damages assessed by the jury are excessive. The principal ground for this contention is that the material findings of the jury on the former trial were adverse to the plaintiff. If the former result should have any effect upon the disposition of the cause on the last trial, it should be that the plaintiff ought not to recover anything. If the first result should have any effect upon the last, it should have full effect. But it should have no effect whatever. The whole object of a new trial would be defeated by any other rule. The last trial should stand or fall by itself, independently of the former result. The extent of the personal injury of the plaintiff was the strongly contested point of the trial. A very large part of the volu-

minous testimony in the case was addressed to that point. The jury had the very best means of determining how much damages the plaintiff ought to receive, and $2,250 is not an exorbitant sum for such an injury. The learned circuit judge considered this matter fully on the motion for a new trial, and had superior means of knowing whether the verdict was for too great an amount, in view of the plaintiff's injury, according to the evidence, and he declined to interfere with the verdict. Many cases are cited by the learned counsel of the appellant to show the verdict excessive, and many cases are cited by the learned counsel of the respondent to show that it is not. Cases are so diverse that one can scarcely be a precedent for another on this question. According to the rule that a new trial will not be granted on this ground unless the verdict is so excessive as to show that the jury were misled by prejudice, passion, or ignorance, we do not think it our duty to interfere with it. *Johnson v. C. & N. W. R. Co.* 64 Wis. 425.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 43 N. W. Rep. 826.— Rep.