JEFFERIES, Appellant, vs. STREIT, Respondent.

*February 14—March 11, 1924.*

*Automobiles: Law of the road: Driving to left of center: Contrib-*
*utory negligence.*

1. Although in an action to recover damages sustained in a col-
   lision between automobiles the evidence shows that the auto-
   mobile of the plaintiff was slightly to the left of the center of
   the highway at the time of the collision, it is *held* that while
   there may have been a slight negligence on the part of the
   plaintiff in getting over the median line of the road, such
   negligence cannot be said to be the proximate cause of the
   collision.  p. 300.

2. Where the jury found that neither the plaintiff nor defendant
   sustained any damages, whereas in fact both sustained dam-
   ages, such findings are either perverse or were entered under
   a mistake that since the jury found each party guilty of negli-
   gence they need not assess damages.  p. 300.

APPEAL from a judgment of the circuit court for Fond
du Lac county: CHESTER A. FOWLER, Circuit Judge. *Re-*
*versed.*

Action begun in the municipal court to recover damages
to plaintiff's automobile sustained by him in a collision with
defendant's car that occurred in the evening of July 12,
1923. The jury found that both the defendant and the
plaintiff were guilty of negligence that proximately con-
tributed to produce the collision. Judgment went for de-
fendant, and was affirmed by the circuit court upon appeal
by the plaintiff. He appealed to this court to test the cor-
rectness of the judgment of the circuit court.

For the appellant there was a brief by *Morse & Fellenz*
of Fond du Lac, and oral argument by *L. J. Fellenz.*

For the respondent there was a brief by *Reilly & O'Brien*
of Fond du Lac, and oral argument by *J. E. O'Brien.*

VINJE, C. J. About 11:30 on the evening of July 12th
the plaintiff was driving east on highway 23 between Ripon
and Fond du Lac at a rate of speed of from twenty-five to

thirty miles an hour. He noticed a car approaching on a road from the south. This car cut the corner so sharply that it forced plaintiff to the right of the road, and seeing another car coming from the south he turned south on the intersecting road, and just as he had turned the corner on the right-hand side of the road and his car was nearly at a standstill the defendant's car cut the corner and hit him at practically a head-on collision, damaging his car. It is undisputed that the traveled track of the north-and-south road was twenty-four feet wide, and it is undisputed that when the cars came to a standstill they were just a little to the south of the south line of the east-and-west road, and the left-hand front wheel of plaintiff's car was from one to two feet to the east of the center line of the north-and-south traveled track, so that practically all of his car was on the right-hand side of the road. It was in this position that he was struck by defendant's car, coming at a high rate of speed, practically head on. It is apparent, therefore, that the defendant was sharply cutting the corner, for the evidence shows that there was ample space to pass to the right. The defendant's negligence is plain and undisputed. The issue is as to plaintiff's negligence. It is urged by the trial court as a reason for sustaining plaintiff's negligence that the jury did not believe him when he said the first car compelled him to turn south. We think this is immaterial. He did turn south on the intersecting road and he had a right to so turn, whether compelled to or not. His only negligence must be found in the fact that the left front wheel of his car was slightly beyond the center of the north-and-south traveled track. Here it should be borne in mind that plaintiff's car was a Cadillac roadster weighing about 4,000 pounds, while the defendant's car was a Ford roadster weighing about 1,400 pounds. It is therefore quite likely that the heavier car pushed the lighter car back and that at the time of first impact the plaintiff's car was wholly on the right-hand side of the road. But be that as it may, it is evident that the collision would inevitably have taken place even if

plaintiff's car had been wholly on the right-hand side of the road, for the defendant was headed directly for it and could not have avoided it even if it had been two feet further to the right.

The conclusion we reach, therefore, is that though there may have been a slight negligence on the part of the plaintiff in getting partly over the median line of the road, such negligence cannot be said to have proximately contributed to the resulting collision. That would have taken place just the same and probably with more disastrous results, as it would have been more to the side and not so completely head on.

Construing the undisputed facts most favorably to the defendant, we reach the conclusion that the plaintiff's negligence, if any, did not proximately contribute to the injury, and hence he is entitled to recover.

The jury found that neither plaintiff nor defendant sustained any damages by reason of the collision. Such findings are set aside either as perverse or as entered under a mistaken idea that since they found both guilty of negligence they need not assess the damages, and that the answer "None" as to amount of damages each sustained is equivalent to a failure to find. They both sustained damages, and the amount of plaintiff's should be proven and ascertained if not agreed upon by the parties.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff for the amount of damages he may prove.