EGGERT, Appellant, vs. KULLMANN and wife and others, Respondents.

*December 9, 1930—March 10, 1931.*

62

For the appellant there was a brief by *Detling, Detling & Whiffen* of Sheboygan, attorneys, and *Walter D. Corrigan, Sr.* of Milwaukee of counsel, and oral argument by *Mr. Corrigan.*

For the respondent Verhulst Company there was a brief by *Bowler & Bowler,* and oral argument by *George R. Currie,* all of Sheboygan.

For the respondents Kullmann and Gosch there was a brief by *Buchen & Schlichting* of Sheboygan, and oral argument by *G. W. Buchen*.

The following opinion was filed January 13, 1931:

FOWLER, J.   The plaintiff alleges as error (1) the dismissal of the complaint as to the defendant landowners and (2) the granting of the new trial as to the defendant contractor, and contends that upon the verdict he is entitled to judgment against the contractor upon the cause of action based upon the alleged agreement of the contractor to protect his building.

(1) Neither party requested submission to the jury of any question respecting ownership or adverse possession of the ten-inch strip.   Under sec. 270.28, Stats., these questions were submitted to the court for determination.   The possession by Pantzer of the strip was all that the situation permitted.   No one else was making any claim adverse to him.   We consider that the finding of adverse possession made by the court as above stated is supported by the evidence and that his conclusion that the defendant landowners owned the strip was correct. The defendant landowners were thus adjacent landowners.   They owed no duty to plaintiff of lateral support of his building.   Their only duty was to give timely notice to plaintiff of their intention to excavate and that he protect his building.   *Schaefer v. Hoffman,* 198 Wis. 233, 238, 223 N. W. 847.   This duty they performed. It then devolved upon the plaintiff to protect his building, and he became liable to the defendant landowners for any injuries sustained by them as a result of his failure to do so. The undisputed evidence shows their damages to have been as above stated.   The defendants being adjacent owners, there is no occasion to consider whether the removal of the soil of the strip would have given plaintiff any right of action had the strip been owned by a third party.

(2) The trial judge was of opinion that the evidence respecting the agreement of the defendant contractor to protect his building for $25 made the question one for the jury. He filed a carefully considered opinion in which he fully states the evidence bearing upon the question and shows that he fully appreciated the effect of a finding of a jury upon a controverted issue of fact and his duty to uphold their finding unless convinced that it was against the great weight of the evidence and that a new trial was required in the interests of justice. With the established rules in these respects in mind he exercised his discretion, and this court cannot reverse his action unless satisfied that his action was an abuse of discretion. We are of opinion that he exercised this discretion wisely and justly. The question is much closer whether we ought not to hold as matter of law that there is no credible evidence to support the jury's findings. But we consider that in view of the fact that the plaintiff and one other witness testified directly to the agreement as claimed by the plaintiff and that there was some slight corroboration by two other witnesses, the trial judge ruled rightly, notwithstanding the denial of the agreement by the defendant's agent with whom it is claimed to have been made, the fact that the claimed consideration for the work was so wholly out of proportion to what it would have cost, and many circumstances tending to show that the agreement was not made. Moreover, were the findings of the jury to be upheld they would not support a judgment in plaintiff's favor for the amount of damages assessed by the jury. It was the plaintiff's duty to minimize his damages even though the contract was made as he claims. It is undisputed that the plaintiff knew on the afternoon of August 1st that the defendant contractor would not undertake to underpin his wall for $25 and that it then offered to do the underpinning for $160. The plaintiff could therefore only recover the difference between these amounts, unless there was not sufficient

time after the $160 offer was made to enable the defendant contractor to protect his building. If the defendant could not have done the underpinning so as to save the building after the $160 offer was made, if the contract was made, then the plaintiff would have been entitled to damages as assessed by the jury; but whether the contractor could have protected the building thereafter was as much a jury question as whether the plaintiff could have done so after he knew of defendant's breach of the contract, if the contract existed. Upon the new trial, if one is had, the question of defendant's ability to save the plaintiff's building after his offer was made must be determined.

(3) The defendant contractor moved for review of the order for a new trial pursuant to sec. 274.12, Stats. It claims that its motion for a directed verdict should have been granted, and that, its motion having been denied, the answers of the jury to the questions submitted should have been changed upon its motion after verdict and judgment rendered dismissing the complaint and awarding damages upon its counterclaim. The trial judge carefully considered this contention. While the plaintiff doing absolutely nothing towards securing protection of his building from before three o'clock of the afternoon of August 1st to nine-thirty the next morning, when he knew that his building was in danger, that it looked shaky and that it was time to do something to save it, seems hard to reconcile with due diligence or common sense, the jury found the interval was not a reasonable time to enable plaintiff to save his building; the trial judge was of opinion that whether due diligence would have saved the building was a jury question, and we cannot say that it was not. It has so often been held, in effect, that when reasonable minds may honestly differ upon full and fair consideration of the evidence as to the conclusion of fact to be drawn from it, it is for the jury to draw the conclusion, that it is not necessary to cite authority for the

proposition. The crucial question is not whether the plaintiff used due diligence. It is clear enough that he did not. The question is, would due diligence on his part have saved his building. We consider the latter a jury question under the rule stated.

(4) The contractor further contends that by negotiating with it for protection of his wall after he knew it would not underpin it for $25, the plaintiff abandoned his right to stand upon the $25 contract if it existed. This is untenable. Abandonment rests upon intent, and the plaintiff's intent was a jury question. *Gessler v. Erwin Co.* 182 Wis. 315, 340, 193 N. W. 363.

The contractor is entitled upon its motion for review to relief in one respect. The jury found it was not negligent in its manner of excavating. This determined the plaintiff's alleged fourth cause of action in the contractor's favor and it should not be required to relitigate the issue of negligence. The order for a new trial should be modified to limit the retrial to the issues arising under plaintiff's alleged fifth cause of action and defendants' counterclaim.

*By the Court.*—The order is modified as indicated in the opinion and as modified affirmed.

ROSENBERRY, C. J. (*dissenting*). I concur in the opinion of the court except upon one point. I am of the view that the evidence in this case is insufficient to sustain a finding that there was a contract between the plaintiff and the defendant Verhulst Company, and for that reason the complaint should be dismissed as to the Verhulst Company.

A motion for a rehearing was denied, with $25 costs, on March 10, 1931.