Wollangk and others, Appellants, vs. Jurgella, Respondent. [Three cases.]

*December 5, 1945—January 8, 1946.*

For the appellants there were briefs by *Genrich & Genrich,* attorneys, and *Herbert L. Terwilliger* of counsel, all of Wausau, and oral argument by *Mr. Terwilliger.*

For the respondent there was a brief by *Atwell & Atwell* of Stevens Point, and oral argument by *W. E. Atwell.*

BARLOW, J. Appellants contend that the verdict should stand but the damages allowed to the two plaintiffs, the wife and daughter, should be increased to the least amount that an unprejudiced jury could award, which would be $500 to the wife, Sadie Wollangk, and $750 to the daughter, Jean Wollangk, in accordance with the motions of these plaintiffs after verdict, the plaintiff Carl P. Wollangk having moved for judgment on the verdict for his damages.

Appellants also contend that if the orders for a new trial are affirmed, the only questions that should be tried are the damages of the plaintiffs Sadie Wollangk and Jean Wollangk, and the verdict of this jury on the negligence of the parties be accepted as found.

Three cases were joined for trial. Carl P. Wollangk, his wife, Sadie Wollangk, and his daughter, Jean Wollangk, left Woodruff, Wisconsin, on the morning of October 21, 1944, in an automobile owned and driven by Carl P. Wollangk, intending to drive to Oshkosh, Wisconsin. About 7:45 a. m., appellant Wollangk and respondent Jurgella were driving east on Highway 10, about one and one-half miles east of Stevens Point. Wollangk testified that he was driving about forty-five miles an hour, and observed the Jurgella car on the south side of the highway about a quarter of a mile ahead of him, and that the Jurgella car slowed down and stopped, Jurgella opening the door on the left or driver's side of his car. Wollangk blew his horn twice, took his foot off the accelerator, reached for the brake, and turned to the left of the black center line. At the time of the accident he was traveling between thirty and thirty-five miles per hour. When the Wollangk car

was within sixty feet of the Jurgella car, Jurgella made a sharp turn to the left, right in front of the Wollangk car. Wollangk swung further to the left and into the driveway, located on the north side of the road, the right rear fender of the Wollangk car striking the left front bumper of the Jurgella car. The impact threw the Wollangk car against a mailbox that was standing to the east of the driveway located on the north side of the highway, and it then rolled down into a ditch and back into the center of the highway, throwing Sadie Wollangk and Jean Wollangk out of the car.

Jurgella claims that he observed the Wollangk car following him for a distance of approximately a mile, and that when he reached a point about two hundred fifty feet west of the driveway in question, where he intended to turn north, he signaled for a left turn with his hand, and then opened his door as a further signal, and while his car was south of the center of the highway the Wollangk car started to pass him at a high speed, and in passing him cut in too short, causing the right rear fender of the Wollangk car to strike the left front bumper of the Jurgella car. He denies that he made a turn to the left or that any portion of his car was north of the center of the highway. Wollangk's testimony is corroborated by the passengers in his car, and Jurgella's by a witness who was in a farmyard south of the highway at the time of the accident.

The jury found the respondent negligent as to lookout, deviating from his proper traffic lane, making an improper turn to the left, but said he had properly signaled for a turn, and the accident was the natural result of his negligence. They found the plaintiff Carl P. Wollangk wholly free from negligence and placed the cause of accident one hundred per cent on respondent. The court answered the question of doctor bills, hospital bills, and damage to the automobile of Wollangk at $887.30. The jury found future doctor bills and hospital bills for the wife and daughter would be $150, and then added this statement: "To be paid only if the operation is necessary and

is performed within ninety days," and found that the wife, Sadie Wollangk, suffered no damages, and gave the daughter, Jean Wollangk, $50 damages.

Sadie Wollangk's injuries consisted of numerous bruises, cuts on her knees and forehead, torn ligaments in her left ankle and foot, and an injured knee. Prior to the accident she served as cook in her husband's restaurant and was unable to do any work for six weeks after the accident, and then could only work for a few hours a day. Her knee continued to bother her up to the time of trial.

Jean Wollangk received cuts and bruises on her limbs, and a hip bruise, together with a spine injury, which she claims causes her constant pain.

In ordering a new trial the court, in a memorandum of opinion, said:

"In these actions the jury apparently was not satisfied with the form of the verdict submitted by the court so they made a verdict of their own. They disregarded the instructions of the court in answering questions 6, 7, and 8. The answers made to these questions and the new matter written into them by the jury makes the verdict perverse and it cannot be allowed to stand."

The granting of a new trial is a highly discretionary order, and unless it clearly appears there was an abuse of judicial discretion this court will not disturb it. *McCoy v. Terhorst* (1926), 188 Wis. 512, 205 N. W. 420.

The court very properly stated that the jury disregarded the instructions of the court in answering questions 6, 7, and 8, which refer to the damages suffered by plaintiffs by reason of this accident. Carl Wollangk operated an oil station and restaurant, and testified that he was required to close one part of the business part time and could only partially carry on the restaurant business by reason of the loss of the services of his wife during the time she was recovering from her injuries.

The evidence indicated a loss of profits in the business, whatever amount it may be, but the jury's answer to question 6 (c), as to loss of profits in business by Carl Wollangk was "None;" and in disallowing any damages to Sadie Wollangk for the injuries which she suffered and in allowing $50 to Jean Wollangk for her injuries, hereinbefore described, the jury wholly disregarded the instructions of the court and the undisputed evidence.

It is argued by appellants that while the damages awarded to plaintiffs in the special verdict are palpably and grossly inadequate, this can be corrected by the trial court allowing the least amount that an unprejudiced jury could award, citing *Jefferies v. Streit* (1924), 183 Wis. 298, 197 N. W. 706; *Eggert v. Kullmann* (1931), 204 Wis. 60, 234 N. W. 349; *Urban v. Anderson* (1940), 234 Wis. 280, 291 N. W. 520. In the cases cited there was nothing to indicate perversity, bias, or prejudice on the part of the jury. They are cases where excessive damages were allowed under conditions where plaintiffs were entitled to damages. In the cases under consideration no damages were allowed except the sum of $50 to the daughter, Jean Wollangk. In the first instance the jury found the respondent's negligence to be wholly responsible for the collision under highly controverted facts, and in the same verdict found no damages to two of the plaintiffs and only $50 to the third plaintiff, where the evidence was undisputed that each of them had suffered material damages. Where a jury has been misled by either passion, prejudice, or ignorance, a new trial should be granted. *Smalley v. Appleton* (1889), 75 Wis. 18, 43 N. W. 826; *Donovan v. Chicago & N. W. R. Co.* (1896) 93 Wis. 373, 67 N. W. 721; *McNamara v. McNamara* (1901), 108 Wis. 613, 84 N. W. 901; *Grammoll v. Last* (1935), 218 Wis. 621, 261 N. W. 719. If the jury had awarded excessive damages to the plaintiffs it could be more readily understood, as juries frequently award all possible damages to the claimant where they find the de-

fendant wholly responsible for the damages. It is considered the verdict was perverse, as found by the trial court, and the elements of passion, prejudice, and bias may have entered into, and probably did affect, the decision of other questions in the case, warranting the granting of a new trial absolutely.

*By the Court.*—Orders affirmed.