DROTT TRACTOR COMPANY, Respondent, vs. KEHREIN, Appellant.

*February 8—March 5, 1957.*

322

For the appellant there was a brief and oral argument by *Bernard F. Mathiowetz* of Milwaukee.

For the respondent there was a brief by *Houghton, Bullinger, Nehs & Houghton,* attorneys, and *Albert F. Houghton* of counsel, all of Milwaukee, and oral argument by *Albert F. Houghton.*

STEINLE, J.   The defendant, Arthur Kehrein, challenges the court's findings (1) that the defendant was negligent in failing to give notice to the plaintiff of the defendant's intention to excavate along the plaintiff's property line, (2) that the plaintiff did not have actual knowledge prior to the excavation of the defendant's intention to excavate along the south line of West Bluemound road which adjoined the plaintiff's property, (3) that the defendant excavated in a careless and negligent manner in not properly shoring or backfilling the trench, thus removing plaintiff's lateral support and causing damage to plaintiff's property.

It is well established that findings of a trial court are not to be disturbed on appeal unless they are contrary to the great weight and clear preponderance of the evidence. *Swazee v. Lee* (1951), 259 Wis. 136, 137, 47 N. W. (2d) 733.

With respect to the defendant's first contention it is to be considered that one who intends an excavation which may endanger adjoining structures, should notify the owner thereof as an exercise of the ordinary care required of an excavator, unless the adjoining owner has the full knowledge of the excavation a notice would impute. 2 C. J. S., Adjoin-

ing Landowners, p. 13, sec. 13 a. See also 1 Am. Jur., Adjoining Landowners, p. 523, sec. 28. The notice of an intention to excavate should give the adjoining owner full knowledge of the intended excavation in time and at a time to enable the adjoining owner to take the necessary measures to protect his property. In addition to being timely, the notice should be correct and complete. 2 C. J. S., Adjoining Landowners, p. 14, sec. 13 b. See also 1 Am. Jur., Adjoining Landowners, p. 523, sec. 28. In *Christensen v. Mann* (1925), 187 Wis. 567, 577, 204 N. W. 499, it was said:

"In order that the owner of property who excavates his soil in close proximity to his neighbor's building may be immune from a claim for damages, the law also imposes upon him the duty of giving reasonable and timely notice to his neighbor, so that the latter may use such means as he may deem proper to protect his own structures, *and a failure to give such notice, in the absence of knowledge on the part of the neighbor, would be negligence.*" (Emphasis supplied.)

From the record it appears that on an occasion about a month prior to the cave-in, the defendant asked the plaintiff's general manager for the plans of the plaintiff's building. When said general manager inquired as to what need the defendant had for the plans, he said: "You never know what might be protruding on the abutments out into the road." The defendant did not advise the plaintiff's representative that he was going to excavate near the wall. Manifestly, a sufficient notice as required under the rules above referred to was not given, and the court's finding in this regard is not contrary to the evidence.

It is next contended that the evidence adduced at the trial clearly established knowledge by the plaintiff of the defendant's intention to excavate alongside its property. The plaintiff's president testified that previous to the cave-in he had observed that a sewer trench or ditch was being constructed west of plaintiff's property. The plaintiff's general manager

also testified that he had noticed some excavation equipment parked down the alley before the cave-in; that while he noticed the trench at the North Thirty-Ninth street intersection, he did not observe that it was being dug in a southerly direction across that intersection; that the north side of plaintiff's building was blocked off during the progress of the project; that his first knowledge that something had happened to the wall was when his brother told him about it. The defendant submits that this evidence conclusively establishes that the plaintiff was well aware of the situation as the work of excavation progressed, and that therefore it is chargeable with "knowledge." He also urges that since the excavation was visible to the plaintiff's representatives,—had they looked, they would have seen the situation as it existed alongside the plaintiff's property, and that by closing their eyes for the purpose of preventing knowledge of what was occurring, they brought themselves within the field of knowledge as that term is used in the law. We cannot agree that for the reason alone that some excavating was being done in the vicinity, the plaintiff is chargeable with knowledge of the intended development alongside its property. We concur in the observation expressed in *Smith v. Howard* (1923). 201 Ky. 249, 258, 256 S. W. 402, where it was said:

"It is conceded in this case that no notice was given, but defendants rely upon the knowledge the plaintiff had of the work. Manifestly such knowledge, to be available as a defense to defendants, must have been such as a lawful notice would have imputed to the plaintiff. The mere fact that he knew the work was going on was in itself insufficient; manifestly he must have known, also, not only the proximity of the excavation to his own property, and the extent thereof on the surface as proposed, but he must have known the depth, particularly along or near to his own property line, in order to determine the necessity for precautionary measures on his part."

In *Jamison v. Myrtle Lodge* (1913), 158 Iowa, 264, 271, 139 N. W. 547, and *McGrath v. St. Louis* (1908), 215 Mo. 191, 114 S. W. 611, the courts held that the knowledge of the complainants involved, dispensed with formal notice of the intended excavations. Those cases, however, are distinguishable in their facts from the case at bar. In the *Jamison Case* one of the complainants testified that he " 'saw the excavation going on probably every day, and my attention was called to the crumbling and caving condition of the north wall prior to the caving of the building. The building caved on Monday, and I noticed the caving in of the wall of the excavation, the previous Sunday.' " In the *McGrath Case* it appeared that the plaintiffs lived in a house adjoining an alley which was being excavated, and that two weeks before the work reached their end of the alley they knew that the entire alley up to their wall would be excavated. The plaintiff's evidence in the case at bar is to the effect that it did not know of the intention of the defendant to construct the trench alongside its property. An issue of fact for the court was presented. There is ample evidence to sustain the court's finding that the plaintiff did not have actual knowledge prior to the excavation of the defendant's intention to excavate alongside its property. Such finding is not contrary to the great weight and clear preponderance of the evidence.

With reference to the challenged finding of the court that the defendant was negligent in the construction of the excavation in the area of plaintiff's retaining wall, particularly in relation to removing the lateral support, it appears that the evidence was in dispute,—the defendant having testified that his bracing or shoring up of the trench was done according to method established, accepted, and approved by the industry,—the plaintiff's witnesses, its president and general manager, having testified to the contrary. At the trial the defendant objected on the ground that the plaintiff's wit-

nesses were not sufficiently qualified as experts to testify as they did to the effect that the method employed by the defendant in relation to re-enforcing the ground and the trench in the vicinity of the retaining wall, was not in accordance with standards employed by sewer contractors or other contractors in circumstances as here, and that the trench caved in because of lack of sufficient bracing.

Plaintiff's president testified that he had studied engineering for two years, and that he was one of the plaintiff company's engineers; that plaintiff is engaged in the business of manufacturing, selling, and servicing construction machinery, including road-building equipment; that while he was in the plaintiff's employ from 1935 to 1949, the plaintiff dealt with many sewer and other excavating contractors, and that he personally had observed at least a hundred sewer-excavating jobs. Plaintiff's general manager testified that he had spent four years in the study of chemical engineering at college, and that in such course and under the head of civil and electrical engineering, he had studied construction in excavating; that he had been active in the plaintiff company's business from 1935 until 1949 with the exception of two years while he was serving in the navy; that on at least 50 to 100 occasions he had observed the work of sewer contractors in excavating; that it was his business to deal with such contractors and recommend equipment for their needs.

On the basis of these stated qualifications the trial court received in evidence the expert testimony of these witnesses. The question of whether a witness possesses sufficient knowledge to qualify as an expert is generally one for the trial court, and unless it appears that in its determination the court is guilty of an abuse of discretion, the court's ruling will stand. *Morrill v. Komasinski* (1950), 256 Wis. 417, 41 N. W. (2d) 620. Obviously the court was of the opinion that based upon their studies and practical experience, these witnesses had acquired the peculiar skill and knowledge

necessary to qualify them as expert witnesses with reference to the matter of proper standards to be employed by sewer contractors under circumstances as here. We are not able to conclude that the court's determination in this regard constituted an abuse of discretion.

The testimony of the plaintiff's expert witnesses in regard to the proper manner of shoring a trench under circumstances as here, is sufficient to sustain the court's finding that the defendant was negligent in not properly shoring or back-filling the trench and thereby causing the damage complained of.

A careful review of the facts satisfies us that the challenged findings are all sustained by the proof. The most that can be said is that on some of the contested issues of fact, the proof might have sustained a finding contrary to that made by the court. Upon such a state of the record this court may not disturb the findings of the trial court.

*By the Court.*—Judgment affirmed.