JOHN C. ZINOS, Commissioner, Department of Industry, Labor andHuman Relations
You have requested my opinion concerning a proposed addition to the Wisconsin Administrative Code. The addition (hereafter "proposed rule") would be section Ind 53.27 and would provide as follows:
"PROTECTION OF ADJOINING PROPERTY. (1) Any person making or causing an excavation to be made to a depth of 12 feet or less, below the grade, shall protect the excavation so that the soil of adjoining property will not cave in or settle, but shall not be liable for the expense of underpinning or extending the foundation of buildings on adjoining properties where his excavation is not in excess of 12 feet in depth. Before commencing the excavation the person making or causing the excavation to be made shall notify in writing the owners of adjoining buildings not less than 30 days before such excavation is to be made and that the adjoining buildings should be protected. The owners of the adjoining property shall be given access to the excavation for the puspose [purpose] of protecting such adjoining buildings.
"(2) Any person making or causing an excavation to be made exceeding 12 feet in depth below the grade shall protect the excavation so that the soil of adjoining property will not cave in or settle, and shall extend the foundation of any adjoining buildings below the depth of 12 feet below grade at his own expense. The owner(s) of the adjoining buildings shall extend the foundations of their buildings to a depth of 12 feet below grade at his own expense as provided in the preceding paragraph."
You ask whether the proposed rule would conflict with any statute and if it would otherwise be a valid enactment.
It is my opinion that the proposed rule does not conflict with any statute, but that it would not be valid to the extent it purports to change the common law of the rights and duties of adjoining landowners with respect to lateral support.
Under the common law, a property owner has the right to lateral support from his neighbor's property so long as the property owner's *Page 289 
land is in its natural condition. See Schmidt v. Chapman (1964),26 Wis.2d 11, 19, 131 N.W.2d 689. The property owner cannot, however, by altering the natural condition of his land, deprive his neighbor of the privilege of using his own land as he might have done before. Christensen v. Mann (1925), 187 Wis. 567, 576,204 N.W. 499, 41 ALR 1192.
A landowner has a duty to provide support for buildings on his land whenever the excavating owner exercises his right to excavate. See Wahl v. Kelly (1928), 194 Wis. 559, 563,217 N.W. 307. The excavating owner has the duty to give notice to the adjoining owner of his intent to excavate. Schmidt, supra,26 Wis.2d at 20. The notice must be correct, complete, and in reasonable time to enable the adjoining owner to protect his property. Drott Tractor Co. v. Kehrein (1956), 275 Wis. 320, 324,81 N.W.2d 500.
Once the excavating owner has given proper notice of his intent to excavate, the duty shifts to the adjoining owner to protect his own buildings. The adjoining owner is liable to the excavating owner if the adjoining owner's failure to protect his buildings causes injury to the excavating owner. Eggert v.Kullmann (1931), 204 Wis. 60, 65, 234 N.W. 349; Schmidt, supra,26 Wis.2d at 22.
The excavating contractor is liable only for an injury due to his failure to exercise a reasonable degree of skill and care.Schmidt, supra, 26 Wis.2d at 20-21.
Subsection (1) of the proposed rule merely reiterates the common law, except that it requires the excavating owner to give at least thirty days notice of his intent to excavate. Subsection (2), however, purports to change the common law. It requires the excavating owner, whenever the excavation exceeds twelve feet in depth, to bear the expense and responsibility of protecting the adjoining owner's buildings.
The question becomes whether the legislature has changed the common law or has empowered the department to do so. As you know, the powers of an agency must be found within the four corners of the statutes creating it. Union Indemnity Co. v. Smith (1925),187 Wis. 528, 538, 205 N.W. 492. A rule must be in accord with the statutory policy. Josam Mfg. Co. v. Stats Board of Health
(1965), 26 Wis.2d 587, 601, 133 N.W.2d 301. *Page 290 
Section 101.02 (15) (j), Stats., empowers the department:
"To ascertain, fix and order such reasonable standards, rules or regulations for the construction, repair and maintenance of places of employment and public buildings, as shall render them safe."
The question becomes whether this statute empowers the department to adopt proposed Ind 53.27. A long standing rule of statutory construction is that statutes which do not clearly intend to change the common law should be strictly construed against having such an effect. See Brown v. Loewenbach (1935),217 Wis. 379, 385, 258 N.W. 379. With respect to agency actions under safety statutes, the court said in Verrette v. Chicago N.W. Ry. (1968), 40 Wis.2d 20, 28, 161 N.W.2d 264:
"`* * * the safe-place statutes are not to be extended so as to impose any duty beyond that imposed by the common law unless such statute clearly and beyond any reasonable doubt expresses such purpose by language that is clear, unambiguous and peremptory.'"
See also, Grube v. Moths (1972), 56 Wis.2d 424, 437,202 N.W.2d 261.
In Hickman v. Wellauer (1919), 169 Wis. 18, 171 N.W. 635, the city of Milwaukee enacted an ordinance altering the common law of lateral support as to adjoining property owners. The ordinance shifted the burden of protecting buildings from the owner of the buildings to the excavating owner. The statutes empowered the city:
"To control and regulate the construction of buildings * * * and to prevent and prohibit the erection or maintenance of any insecure or unsafe buildings * * *." 169 Wis. at 23.
The court held the ordinance ineffective to alter the common law rights and duties of adjoining landowners with respect to lateral support, 169 Wis. at 24:
"* * * Such well-established property rights as are here involved between owners of adjacent lands cannot be taken away or substantially changed except by express declaration of the legislature, either by statute or by expressly delegating such a power to the common council." *Page 291 
It is my opinion that sec. 101.02 (15) (j), Stats., does not empower the department to alter the common law rights and duties here involved with language that is clear and unambiguous beyond a reasonable doubt. Thus, under the canons of construction of statutes derogating from common law rights and duties, I conclude that the proposed rule is beyond the power of the department to enact to the extent that it would alter the common law as to the rights and duties of adjoining landowners with respect to lateral support.
In arriving at this conclusion, I also rely on the rule of construction that statutes are to be construed so as to make them constitutional. See State ex rel. Husting v. Board of StateCanvassers (1914), 159 Wis. 216, 225, 150 N.W. 542. If sec.101.02 (15) (j), Stats., were construed as empowering the department to choose whether to alter common law rights and duties, the statute would probably be unconstitutional, for the legislature cannot constitutionally delegate the discretion of determining whether there shall be a law and what it should be. See State ex rel. Evjue v. Seyberth (1960), 9 Wis.2d 274, 285,101 N.W.2d 118. It is my opinion that choosing whether to alter common law rights and duties cannot be delegated to the department by the legislature.
For these reasons sec. 101.02 (15) (j), Stats., cannot be construed as altering the common law as to the rights and duties of adjoining landowners with respect to lateral support, nor can it be construed as authorizing the department to elect to do so.
The fact that the legislature has not changed the common law rights and duties does not preclude the department from enacting a safety regulation with respect to the exercise of those rights and duties. For example, under the safe-place statute, sec.101.11, Stats., the legislature did not create a new cause of action but merely established a higher duty of care. Baker v.McDel Corp. (1971), 53 Wis.2d 71, 79, 191 N.W.2d 846. The violation of a department safety order establishes a violation of that duty of care. See Presser v. Siesel Construction Co. (1963),19 Wis.2d 54, 65, 119 N.W.2d 405.
Therefore, pursuant to the department's powers to regulate safety in construction under sec. 101.02 (15) (j), Stats., and the safe-place statute, sec. 101.11, Stats., the department's proposed rule would be valid as determining what is a reasonably safe notice period to the *Page 292 
extent it requires an excavating owner to give at least thirty days' notice of his intent to excavate. The proposed rule would, of course, need to be restricted to those buildings included within the scope of secs. 101.02 (15) (j) and 101.11, Stats.
RWW:CDH